KERRY BERNARD MCNABB,

        Plaintiff,

Case No. 1:10-cv-459

Hon. Robert J. Jonker

v.

TIMOTHY KIPP, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

        This is a prisoner civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. This matter is now before the court on defendants' "Motion to dismiss for lack of venue and/or to transfer venue and motion to dismiss Counts 3 and 6 and to dismiss the 'official capacity' claims" (docket no. 33).

        **I.**    **Background**

        This prisoner civil rights case originated in the Eastern District in May 2008. The court assigned the *pro se* prisoner plaintiff pro bono counsel, who ultimately filed a six-count amended complaint naming three defendants employed at the Michigan Department of Corrections (MDOC) Carson City/Boyer Road Correctional Facility (OTF): Assistant Deputy Warden (ADW) Timothy Kipp; Resident Unit Manager (RUM) Robert Mote; and Assistant Resident Unit Manager Supervisor/Acting Transfer Coordinator (ARUS) Catherine Steele. Plaintiff sued ADW Kipp and RUM Mote in both their individual and official capacities. Plaintiff apparently sued ARUS Steele in her individual capacity (i.e., "[d]efendant ARUS Steele is also sued in her individual capacity"). Amend. Compl. at ¶ 5.

Plaintiff set forth the following allegations. On March 22, 2005, RUM Mote confiscated plaintiff's tape player and headphones. Amend. Compl. at ¶ 8. The next day, Mote asked plaintiff whether he wanted the items disposed of or to receive a minor misconduct for contraband. *Id.* at ¶ 9. Plaintiff stated that the tape player was not contraband, providing Mote with a receipt for the tape player, which plaintiff purchased while housed at the Huron Correctional Facility on or about March 22, 2004. *Id.* at ¶ 10. Mote then refused plaintiff's request for a grievance form. *Id.* at ¶ 11. Plaintiff obtained a form from another prisoner and filed a grievance against Mote for confiscating his tape player and headphones which he had purchased through the MDOC. *Id.* at ¶ 12. On March 24, 2005, Mote saw plaintiff writing a grievance. *Id.* at ¶ 13. Later that day, Mote requested that plaintiff produce the property receipt for the tape place and head phones. *Id.* at ¶ 14. Plaintiff complied. *Id.*

On March 25, 2005, a "jail official" summoned plaintiff to the Control Center to review a major ticket, written by RUM Mote charging possession of stolen property, possession of forged documents, and forgery. *Id.* at ¶ 15. The stolen property charges were based upon a confidential statement from another prisoner complaining about stolen head phones. *Id.* at ¶ 16. The confidential informant, whom plaintiff believed to be prisoner Harry Barkley, later denied that the property was stolen from him. *Id.* at ¶ 17.

On April 6, 2005, ADW Kipp summoned plaintiff to his office to talk about the grievance drafted against RUM Mote. *Id.* at ¶ 18. Kipp asked for plaintiff's proof that the tape player was not stolen and requested that plaintiff sign off on the grievance in exchange for the return of the tape player and head phones. *Id.* at ¶ 19. Kipp also told plaintiff that if he did not sign off on the grievance, that he would be transferred to another facility. *Id.* at ¶ 20.

On or about April 14, 2005, ARUS Steele screened plaintiff, who was transferred to the Pine River Correctional Facility (SPR). *Id.* at ¶ 21. Plaintiff filed a Step II grievance on or about April 24th. *Id.* at ¶ 22. Warden Kurt Jones responded to the Step II grievance on or about May 2, 2005, in which: "he dismissed the major misconduct charge against Plaintiff; ordered the investigator at OTF to forward his tape player and head phones to Plaintiff and apologize to Plaintiff for the inconvenience the incidents caused." *Id.* at ¶ 23. Plaintiff filed a Step III grievance seeking a return to OTF, which was denied on or about June 29, 2005. *Id.* at ¶ 25.

Plaintiff has alleged six counts. In Count I, plaintiff alleged that defendants violated his rights of free speech as guaranteed by the First Amendment. *Id.* at ¶¶ 26-28. In Count II, plaintiff alleged that defendants violated plaintiff's right to procedural due process and his right to a fair and impartial hearing on the major misconduct charge which resulted in plaintiff being transferred to a new facility without a proper hearing. *Id.* at ¶¶ 29-33. In Count III, plaintiff alleged that defendants "acted under the color of law unlawfully, maliciously and intentionally to deprive Plaintiff of his liberty interest by falsifying a major misconduct report in violation of Plaintiff's substantive due process rights." *Id.* at ¶¶ 34-36. In Count IV, plaintiff alleged that defendants violated his right to equal protection under the law by "executing an administrative decision based upon standard practice, policy, procedure and purpose intended to harass Plaintiff, who is part of a protected class, by alleging that Plaintiff committed a major misconduct and then confiscating his personal property in violation of Plaintiff's First and Fourteenth Amendments Rights." *Id.* at ¶¶ 37-39. In Count V, plaintiff alleged that defendants violated 42 U.S.C. § 1985(3) because "they conspired for the purpose of depriving Plaintiff of his rights to petition the government for redress from grievances; and his constitutional right to due process." *Id.* at ¶¶ 40-43. Finally, in Count VI,

plaintiff alleged that defendants violated 42 U.S.C. § 1986 because they had knowledge of the conspiracy against plaintiff and had the power to prevent it, but deliberately refused to do so. *Id.* at ¶¶ 44-47. Plaintiff seeks compensatory, exemplary and punitive damages in excess of $75,000.00, unspecified equitable relief, costs, interests and attorney's fees.

Defendants filed the present motions in response to the allegations set forth in the amended complaint. After finding that plaintiff did not respond to the motion, the court granted defendants' motion to transfer venue, ordered the case transferred to the Western District, and declined to rule on the motion to dismiss. *See* Order of May 12, 2010 (docket no. 35). Defendants' motion to dismiss is now pending in this court.

## II.     Legal Standard

Defendants bring this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

4

### III. Discussion

#### A. Defendants' motion

Defendants seek to dismiss three aspects of plaintiff's amended complaint. First, defendants seek dismissal of Count VI because the § 1986 claim is barred by the statute of limitations. *See* § 1986 ("no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued"). Plaintiff filed this action on May 27, 2008, more than three years after his transfer to SPR on April 14, 2005. *See, e.g., Rodney v. LaHood*, 359 Fed. Appx. 634, 637 (6th Cir. 2010) (a motion to dismiss on statute of limitations grounds should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief ") (internal quotation marks omitted).

Second, defendants seek dismissal of Count III, because plaintiff's substantive due process claim alleged in that count is subsumed by the First Amendment claim. *See, e.g., Williams v. City of Franklin, Tennessee*, 586 F.Supp.2d 890, 900 (M.D. Tenn. 2008) (to the extent that the plaintiff's substantive due process claims are premised on the alleged violation of his free speech rights under the First Amendment, the Supreme Court has stated that, where the Constitution provides an explicit textual source of protection for a plaintiff's claims, those claims should be analyzed under that provision rather than under the "more generalized notion of 'substantive due process'") (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)).

Third, defendants seek dismissal of all "official capacity" claims alleged in the amended complaint because defendants enjoy Eleventh Amendment Immunity. *See, e.g.*, *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) ("the Eleventh Amendment bars § 1983 suits seeking

5

money damages against states and against state employees sued in their official capacities"); *Long v. Kentucky*, No. 4:10CV-P107-M, 2011 WL 321732 at *2 (W.D. Ky. Jan. 28, 2011) (Eleventh Amendment immunity applies to state agency and its employees in actions brought under §§ 1983, 1985 and 1986) (listing cases).

### B. Plaintiff's failure to file brief in opposition

While defendants' motion to dismiss is supported by case law, it is unnecessary to address the motion on its merits. Before transferring this action, the court in the Eastern District found that plaintiff had failed to respond to the motion (nor has he since filed anything in this district). As such, the motion was unopposed. The local court rules in the Eastern District (as amended effective March 1, 2010) required plaintiff to file a response if he opposed the motion. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21days after service of the motion"). "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008), quoting *Scott v. State of Tennessee*, No. 88-6095, 1989 WL 72470 at *2 (6th Cir. July 3, 1989) (granting defendants' unopposed motion to dismiss). *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal); *McKinzy v. Unified Government of Wyandotte County/Kansas City, KS*, No. 09-2199-EFM-DWB, 2010 WL 2719852 at *2 (D. Kan. July 8, 2010) (court could grant the defendants' unopposed motion to dismiss and for sanctions "with little further consideration" where the plaintiff failed to file a responsive brief as required by the local court

rules); *Zayed v. United States*, 221 F. supp. 2d 813, 815 n. 1 (N.D. Ohio 2002) (court is within its discretion to consider the defendant's motion to dismiss as unopposed due to plaintiff's lack of a timely response under the local court rule, observing that "these motions are often granted"). The local rules of this district have the same requirement. *See* W.D. Mich. LCivR 7.2(c). Plaintiff's failure to file a response is a violation of the local court rules and tantamount to a waiver of opposition to defendants' motion. Accordingly, defendants' motion to dismiss should be granted on this ground.

### IV. Recommendation

Accordingly, I recommend that defendants' motion to dismiss Count III, Count VI and the "official capacity" claims against defendants (docket no. 33) be **GRANTED**.

Dated: February 10, 2011   /s/ Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　　　HUGH W. BRENNEMAN, JR.
　　　　　　　　　　　　　　　　United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).